Filed 7/1/26  Seo v. Park CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| YOUNGJIN SEO,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>YUNG KI PARK et al.,<br><br>    Defendants and Respondents. | G065581<br><br>(Super. Ct. No. 30-2019-01050002)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Recio, Judge. Affirmed.

Law Offices of Andrew Kim and Andrew Kim for Plaintiff and Appellant.

Lee Anav Chung White Kim Ruger & Richter and Jay J. Chung for Defendant and Respondent Yung Ki Park.

Jaz and Peter F. Jazayeri for Defendant and Respondent SC&P Resources, Inc.

*     *     *

Appellant Youngjin Seo appeals the trial court's dismissal without prejudice of his action against respondents SC&P Resources, Inc. (SC&P) and Yung Ki Park. We conclude the court did not abuse its discretion in denying Seo a continuance and in dismissing the action pursuant to Code of Civil Procedure[1] sections 583.410 and 583.420 based on delay in prosecution. We therefore affirm the judgment.

FACTS

In February 2019, Seo, a founding shareholder of respondent SC&P, a closely held corporation, sued SC&P and its chief executive officer and majority shareholder, Yung Ki Park. Seo's complaint alleged SC&P and Park worked together to steal his shares in SC&P. In November 2022, Seo filed the operative fifth amended complaint.

In December 2019, SC&P filed a cross-complaint. On February 25, 2025, SC&P, dismissed the cross-complaint except for the third and fourth causes of action seeking declaratory relief. The parties agreed to resolve the declaratory relief claims by way of motion on May 16, 2025.

The lawsuit was pending for more than six years, and trial was continued at least nine times. In September 2024, the parties stipulated that there would be no further trial continuances. On January 6, 2025, the court called the case for jury trial. Seo requested a continuance to obtain counsel because he had discharged his attorney the previous month. The court

---

[1] All further statutory references are to the Code of Civil Procedure.

2

continued the jury trial to February 25, 2025 to allow Seo time to find new counsel. The court also set an order to show cause regarding dismissal based on failure to prosecute under sections 583.410 and 583.420, and failure to have counsel for Seo's derivative claims brought on behalf of the corporation.

On February 14, 2025, Seo filed a "Response for Trial Briefing" which requested a continuance of seven months. Seo requested a continuance because there was "no way" that he, as a self-represented party, could prosecute his causes of action or defend against the cross-claims.

On February 25, 2025, the court again called the case for jury trial. Seo requested a continuance of five to seven months to find another attorney. The court noted that granting such a continuance would put the case beyond the mandatory dismissal statute. The court then dismissed the fifth amended complaint without prejudice pursuant to sections 583.410 and 583.420 and set a hearing on the cross-complaint's declaratory relief causes of action for May 16, 2025.

On May 16, 2025, Seo appeared with a specially appearing attorney. Seo requested a continuance of the hearing on the cross-complaint, which the trial court denied. The court granted the relief requested as to the third and fourth causes action in the cross-complaint and ordered the "Cross-Complainant to prepare and serve a proposed judgment."

At the time Seo filed his notice of appeal on May 23, 2025, the trial court had not yet entered judgment on the fifth amended complaint or the cross-complaint. On June 24, 2025, the court entered judgment on the cross-complaint. On January 5, 2026, after briefing in the instant case was complete, the court entered an amended judgment dismissing the fifth amended complaint without prejudice, as well as entered judgment in favor of SC&P on its claims for declaratory relief.

## DISCUSSION

## I.

### PREMATURE APPEAL

Here, Seo filed the appeal prior to entry of judgment on the complaint and cross-complaint. On July 10, 2025, Seo filed a motion to proceed with a prematurely filed appeal. Respondents filed a joint opposition to the motion, as well as a request for judicial notice; Seo filed a reply. As noted above, the trial court entered an amended judgment on January 5, 2026. On February 27, 2026, Seo filed a motion for leave to file a tardy reply brief. The amended judgment entered on January 5, 2026, was attached to Seo's proposed reply brief. On March 16, 2026, respondents filed a joint opposition to the motion. [2]

A notice of appeal filed before entry of judgment but after its rendition is valid and is treated as filed immediately after entry of the judgment. (Cal. Rules of Court, [3] rule 8.104(d)(1); *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 906 [notice of appeal filed after minute order but before entry of signed written order treated as filed immediately after entry of written order].)

Here, because the notice of appeal was filed after rendition of judgment on February 25 and May 16, 2025, Seo's notice of appeal was valid,

---

[2] We hereby grant Seo's motion for leave to file a tardy reply brief. However, we remind appellate counsel of his professional responsibility to the court and to his client to promptly comply with filing deadlines and note that in the future the court might not entertain a similarly tardy filing. The clerk's office is instructed to file Seo's reply brief. The amended judgment filed on January 5, 2026, is hereby deemed to be part of the appellate record.

[3] All further references to a rule are to the California Rules of Court.

4

and we treat the appeal as filed immediately after entry of the judgment on January 5, 2026, pursuant to rule 8.104(d)(1).[4]

## II.

## DENIAL OF REQUEST FOR CONTINUANCE AND DISMISSAL

## FOR DELAY IN PROSECUTION

Seo argues the trial court abused its discretion in denying his request for a continuance of trial and then later dismissing the fifth amended complaint pursuant to sections 583.410 and 583.420. We disagree.

### A.    *Legal Standard*

1. Continuance

*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, states, "A motion for continuance is addressed to the sound discretion of the trial court. [Citation.] However, "'[t]he trial judge must exercise his discretion with due regard to all interests involved, and the refusal of a continuance which has the practical effect of denying the applicant a fair hearing is reversible error. [Citations.]'" [Citation.] [¶] 'Judges are faced with opposing responsibilities when continuances . . . . are sought. On the one hand, they are mandated by the Trial Court Delay Reduction Act [citation] to actively assume and maintain control over the pace of litigation. On the other hand, they must abide by the guiding principle of deciding cases on their merits rather than on procedural deficiencies. [Citation.] Such decisions must be made in an atmosphere of substantial justice. When the two policies collide head-on, the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency.'" (*Id.* at p. 1395.)

---

[4] Accordingly, we deny as unnecessary Seo's motion for leave to file a premature appeal.

"To ensure the prompt disposition of civil cases, the dates assigned for a trial are firm. All parties and their counsel must regard the date set for trial as certain." (Rule 3.1332(a) ["continuances of trials are disfavored"], rule 3.1332(c).)

An affirmative showing of good cause under the standards is required (rule 3.1332(c) & (d)) and must be made by ex parte application or by formal noticed motion with supporting declarations (rule 3.1332(b)). The motion must be made "as soon as reasonably practical once the necessity for a continuance is discovered." (Rule 3.1332(b)).

2. Dismissal for Failure To Prosecute

"The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion . . . if to do so appears to the court appropriate under the circumstances of the case." (§ 583.410, subd. (a).) "The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] . . . [¶] (2) The action is not brought to trial within the following times: [¶] (A) Three years after the action is commenced against the defendant unless otherwise prescribed by rule under subparagraph (B). [¶] (B) Two years after the action is commenced against the defendant if the Judicial Council by rule . . . so prescribes . . . ." (§ 583.420, subd. (a)(2).)

The Judicial Council prescribed rule 3.1340(a), which provides: "The court on its own motion . . . may dismiss an action under . . . sections 583.410–583.430 for delay in prosecution if the action has not been brought to trial or conditionally settled within two years after the action was commenced against the defendant." Because that rule prescribes a two-year period, as authorized by section 583.420, subdivision (a)(2)(B), the controlling

6

period is two years. (*Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 214, fn. 30.)

Section 583.420 and other dismissal-for-delay statutes serve a dual purpose. First, these statutes were enacted to discourage stale claims and promote justice and to prevent loss of evidence and witnesses. Second, they were designed to compel reasonable diligence in the prosecution of actions, thereby expediting the administration of justice. Balanced against these considerations is the strong public policy in favor of disposing of litigation on the merits rather than on procedural grounds. (See *Roach v. Lewis* (1993) 14 Cal.App.4th 1179, 1182–1183.)

"'However, it is now well established that the policy [of preferring to dispose litigation on the merits] only comes into play when a plaintiff makes a showing of some excusable delay.' [Citation.] [¶] 'A reviewing court may not reverse a trial court's order granting dismissal for dilatory prosecution unless the plaintiff meets the burden of establishing manifest abuse of discretion resulting in a miscarriage of justice. [Citations.] An appellate court may not substitute its own discretion for that of the trial court and must uphold the dismissal order if the trial court has not abused its discretion.'" (*Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 131.)

B.    *Discussion*

Seo has failed to demonstrate the trial court abused its discretion in denying his request for continuance and in dismissing the fifth amended complaint.[5] As noted, the action was pending for more than six years, trial

---

[5] The minutes from February 25, 2025 indicate that the trial court dismissed the derivative claims (eighth, ninth, and tenth causes of action) based on Seo's self-representation status. The reporter's transcript

had been continued at least nine times, and the parties had stipulated in September 2024 that there would be no further trial continuances. Seo signed a substitution of counsel and replaced himself as counsel on December 10, 2024, less than one month prior to the January 6, 2025 trial call. During this trial call, Seo, using a certified interpreter, represented he needed "time to obtain counsel." The court granted Seo another continuance until February 25, 2025, to give him the opportunity to obtain counsel. On February 25, Seo appeared for trial as a self-represented party and used the assistance of a certified interpreter. Despite the continuance from January 6 to February 25, 2025, Seo had still not obtained counsel by the time of the trial call and order to show cause hearing. Instead, Seo sought an additional five to seven month continuance. Seo explained that he needed time to save money to pay an attorney, and that he had a "psychological issue from the doctor."

Although Seo's request for a continuance did not strictly comply with the requirements of rule 3.1332, defendants did not object to Seo's request for a continuance based on noncompliance with rule 3.1332. Rather than directly ruling on Seo's request for a continuance, the trial court ruled, "The plaintiff has indicated that he needs many months, which would put the matter well beyond the mandatory dismissal statute. [¶] It's set today for the court's discretionary statute and it appears to me that I should exercise that

---

indicates the court intended to dismiss those causes of action because a self-represented individual could not assert those claims. In our review of the record, the court dismissed all of the causes of action contained in the fifth amended complaint based on its dismissal pursuant to the order to show cause under sections 583.410 and 583.420. Therefore, we direct our analysis as to whether the court abused its discretion in dismissing the fifth amended complaint pursuant to sections 583.410 and 583.420.

discretion because nothing will change. And it's been a long time. So . . . [¶] And continuing it sounds like it would prejudice the parties. So, I'm going to go ahead and dismiss the 5th Amended Complaint pursuant to the Order to Show Cause."

We find that the trial court acted within its discretion to refuse another continuance, particularly an extension of five to seven months. On January 6, 2025, the court had previously continued the trial to accommodate Seo's request for more time to obtain an attorney. Seo did not have an attorney on February 25, 2025, and the record from that date does not indicate how Seo's psychological issue impacted his ability to proceed. Seo did not provide any other good cause for a continuance. Thus, the court acted within its discretion in denying Seo's request to continue the trial.

Similarly, Seo has failed to meet his burden to establish an abuse of discretion by the trial court in dismissing the action for failure to prosecute. As noted, the action was pending for more than six years, trial had been continued multiple times, and the parties had stipulated in September 2024 that there would be no further trial continuances.

The trial court had issued an order to show cause as to why the action should not be dismissed for violation of sections 583.410 and 583.420. At the hearing, the court correctly noted that Seo's request for another continuance of five to seven months would violate the mandatory dismissal provision of section 583.310.[6] On February 25, 2025, Seo was not ready to proceed with trial as shown by his request to continue. Despite multiple trial

---

[6] Seo filed the suit on February 7, 2019. The case was stayed from September 21, 2020 through January 19, 2022, due to an appeal regarding a special motion to strike. The deadline to try the case under section 583.310 was therefore June 5, 2025.

continuances and a stipulation on September 23, 2024, that the parties would not stipulate "to request another trial continuance," Seo was still not ready for trial. Seo had not hired an attorney for the February 25th hearing and was unable to reliably represent when an attorney would be ready to try the case. Further, an attorney did not appear with Seo to provide the court with a reasonable estimate as to the time necessary for the attorney to prepare. The court could have reasonably found that Seo did not provide reliable information as to when an attorney could be ready to try the case. When the court stated, "nothing will change," it is reasonable to infer that the court reasonably found that it was unlikely that Seo would be ready for trial in five to seven months. Thus, the trial court acted within its discretion in dismissing the case because Seo had not acted with reasonable diligence in prosecuting his action on the fifth amended complaint. We cannot say the court abused its discretion in dismissing Seo's fifth amended complaint under these circumstances.

III.

SEO'S SELF-REPRESENTATION STATUS

Seo's reply brief asserts that the trial court abused its discretion in dismissing the fifth amended complaint because of Seo's lack of legal understanding and that it would take an attorney more than a month to prepare for trial. The reply concedes that the time to bring Seo's action to trial expired in June of 2025 under the mandatory dismissal provision.

*Petrosyan v. Prince Corp.* (2013) 223 Cal.App.4th 587 states, "Although self-represented litigants are not entitled to special treatment, they are entitled to the same treatment as a represented party. This case demonstrates the challenges presented to a conscientious trial judge when faced with self-represented litigants who simply do not understand the basic

10

rules of civil litigation. 'Trial judges must acknowledge that in propria persona litigants often do not have an attorney's level of knowledge about the legal system and are more prone to misunderstanding the court's requirements.' [Citation.] When one party has counsel and the other does not, the trial court 'should monitor to ensure the in propria persona litigant is not inadvertently misled, either by the represented party or by the court. . . . [S]pecial care should be used to make sure that verbal instructions given in court and written notices are clear and understandable by a layperson. This is the essence of equal and fair treatment, and it is not only important to serve the ends of justice, but to maintain public confidence in the judicial system.'" (*Id.* at p. 594.)

We recognize Seo was self-represented and using the assistance of a certified court interpreter at the hearings on January 6, 2025 and February 25, 2025. On January 6, the trial court expressly set an order to show cause hearing regarding dismissal under sections 583.410 and 583.420. On February 25, the court recognized Seo's self-representation status and indicated that he was "held to the same restrictive procedural rules as an attorney." Seo acknowledged he was "entitled to the same but no greater consideration than other litigants and attorneys." At the February 25th hearing, Seo explained his reasons for requesting a continuance; the court acknowledged reviewing his "Response for Trial Briefing" before the hearing. Seo was responsive to the court's questions and explained his reasons for requesting a continuance. Based on this record, we cannot find that the court or respondents were misleading or confusing in their communications with Seo.

DISPOSITION

The judgment is affirmed. Respondents are entitled to recover their costs on appeal.

SCHWARM, J.*

WE CONCUR:

MOORE, ACTING P. J.

DELANEY, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.